# IN THE COURT OF APPEALS OF IOWA

No. 18-0091
Filed April 4, 2018

**IN THE INTEREST OF L.G.,**
**Minor Child,**

**A.S., Mother,**
    Appellant

**J.G., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A father and mother separately appeal the juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Katherine M. Hartman Eastvold, Coralville, for appellant mother.

Kristin L. Denniger, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the juvenile court decision terminating their parental rights. We find there was sufficient evidence to terminate parental rights, the juvenile court properly declined to apply exceptions to termination, and termination is in the best interests of the child. We affirm the juvenile court.

## I.     Background Facts and Proceedings

The mother began using drugs, primarily methamphetamine, around age eleven, and the father also reported beginning to use drugs in his early adolescence, including heroin and methamphetamine.[1]  L.G. was born in June 2017. L.G. and the mother tested positive for methamphetamine at the time of the birth; the father would not consent to a drug test. L.G. was removed from the parents on June 5 and placed in foster care. L.G. was adjudicated a child in need of assistance on June 8.

The mother has struggled with maintaining sobriety. She has repeatedly tested positive for methamphetamine although she participated in a variety of substance-abuse treatment programs. The mother attended visits with L.G. consistently and provided formula, diapers, and clothing for L.G. The mother was in jail at the time of the termination hearing with a pending probation revocation, along with new charges of forgery and theft. She acknowledged she would not be able to resume care of L.G. at the time of the hearing. The mother also admitted her relationship with the father involved instances of domestic violence, though

---

[1] The mother was thirty-three years old and the father thirty-four years old at the time of the hearing.

both the mother and father attempted to minimize its impact. The juvenile court found the parents did not follow through on recommended services.

The father refused to comply with drug testing at the time of the birth. However, he later admitted to heroin and marijuana use. Eventually, he completed a substance-abuse evaluation and attended some treatment. Even after treatment he continued to have positive drug screens, though he consistently attended services. The father had a pending charge of delivery of a controlled substance as a habitual offender. By his own admission, he used heroin and methamphetamine approximately one week before the termination hearing but was adamant he was not addicted.

The termination hearing was held December on 22. The parents' parental rights were terminated on December 29. The parents now appeal.

## II. Standard of Review

The standard of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III.     Sufficiency of the Evidence

The father claims there is insufficient evidence to support termination of his parental rights.  The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2017).  The father claims the child could have been returned to his care at the time of the termination hearing.

The father concedes "the family obviously has ongoing needs" but claims "[h]e is committed to providing a safe and stable home for [L.G.]"  He points to his continuing engagement with services as an indication he is committed to changing his life.  The father believes he will be able to maintain employment, stay financially secure, attend treatment, stay sober, and properly care for L.G.

We disagree.  Shortly before trial, the father resumed his use of heroin and methamphetamine.  The father continues to promise change and sobriety but has not demonstrated any willingness or ability to attain either.  We find the evidence was sufficient to support termination.

### IV.     Best Interests

Both the father and mother claim termination is not in the child's best interests.  After finding a ground for termination exists, we are to "consider the factors under section 232.116(2).  Section 232.116(2) requires us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal citations omitted).

We find the child's best interests are served by termination.  Neither the father nor the mother has shown real, significant, sustained progress in addressing

substance-abuse or domestic-violence issues. The father is facing pending criminal charges and admitted he used heroin and methamphetamine shortly before the termination hearing. He consistently tested positive for drug use and was unwilling and unable to make progress towards sobriety. The mother was facing probation revocation and pending criminal charges at the time of the termination hearing. She made some progress in addressing her substance-abuse issues but also tested positive for drug use during the pendency of the case.

L.G. is young, and the foster family wishes to adopt. Terminating the parents' rights will provide a path to safety, stability, and growth for L.G. We cannot ask this child to continue to wait for a biological parent to be stable enough to provide care. *See D.W.*, 791 N.W.2d at 707.

## V. Exceptions

The mother claims termination of her parental rights should have been precluded because the emotional bond between the mother and L.G. is so strong termination would adversely affect the child. The mother also claims she should be given additional time to work toward reunification.

The juvenile court does not need to terminate parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

Our supreme court has held that "once the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The mother did not present any evidence at the hearing regarding the emotional bond nor the alleged detrimental effect to the child. We find the mother did not meet her burden to establish the exception applied to this case.

The mother also claims she should be granted an additional six months to work toward reunification. She points out her diligent visitation attendance, her engagement with services, and her appropriate interaction with L.G. as evidence she is able to properly parent. However, the mother was in jail at the time of the termination hearing. She hoped she would be placed in a residential facility instead of prison, but in either placement she would be unable to care for L.G. In order to be reunited with L.G. the mother would need to address the pending criminal charges, prove her ability to respond to substance abuse treatment, demonstrate her sobriety outside of custody, and address the domestic violence issues with L.G.'s father. It is extremely unlikely the mother would be able to address these issues in six months, at least part of which she would be in custody. We find the juvenile court properly declined to grant an additional six months.

**AFFIRMED ON BOTH APPEALS.**